FILED
JAN 2 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>Luis CAMARGO-Lopez<br><br><br>Defendant | ) Mag. Case No. '08 MJ 8044<br>) <u>COMPLAINT FOR VIOLATION OF:</u><br>)<br>) Title 8, U.S.C., Section 1324(a)(1)(A)(ii)<br>) Illegal Transportation of Aliens<br>)<br>)<br>)<br>) |

The undersigned complainant, being duly sworn, states:

On or about January 18, 2008, within the Southern District of California, defendant Luis CAMARGO-Lopez, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, Dario CHAVEZ-Serezo, Manuel HERNANDEZ-Hidalgo and Revnaldo MARTIEZ-Oros had come to, entered or remained in the United States in violation of law, did transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

MICHAEL MIKUSKI
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 22nd DAY OF JANUARY 2008.

PETER C. LEWIS
United States Magistrate Judge

I, Senior Border Patrol Agent Michael Mikuski declare under penalty of Perjury, the following is true and correct:

## PROBABLE CAUSE STATEMENT

The complainant states that this complaint is based upon statements in the investigative reports Border Patrol Agent J. Flores that on January 18, 2008, the defendant, a native and citizen of Mexico was apprehended near Calexico, California, as the driver of a white 1995 Dodge van with (13) thirteen other undocumented aliens from Mexico, in violation of law.

At approximately 4:00 P.M. Agent J. Moreno reported seeing several individuals run from the barriers that are south of Interstate 8 approximately 12 miles east of the Calexico California East Port of Entry. Agent Moreno stated these individuals boarded a van which stopped and then traveled westbound on the Interstate. Agent Moreno reported it is a white full size van with a Mexico registration plate.

Agents Flores and Gonzalez located a van on Interstate 8 that matched the description. It appeared to the agents the van was heavily laden but they could not see inside due to the heavily tinted windows. When Agent Gonzalez drove closer to the van to read the registration plate, the van made an abrupt turn through the median and began driving eastbound on Interstate 8. At one point the driver, later identified as Luis CAMARGO-Lopez, stopped the van on the interstate, did a U-turn and drove westbound in the eastbound lanes of the interstate. CAMARGO drove up the Interstate Entrance ramp the wrong way to exit the interstate. Agents were able to see CAMARGO driving and that he was wearing black gloves, and a grey sweater. The agents described CAMARGO as having light brown skin color with a short hair cut. When the van got to Schneider's bridge and it stopped, CAMARGO and several of the other occupants ran from the van and attempted to abscond. Agent Flores was able to make contact with CAMARGO, but CAMARGO failed to comply with Agent Flores' commands and attempted to abscond again. Agent Flores was able to catch CAMARGO after a foot pursuit. CAMARGO continued to resist Agent Flores. After a scuffle Agent Flores was able to apprehend CAMARGO. Agents made contact with thirteen other individuals from the van. After questioning them it was determined CAMARGO and the 13 others are citizens of Mexico illegally in the United States.

At the Station, Agent L. Corona witnessed Agent Gonzalez read CAMARGO his rights per Miranda. CAMARGO stated arrangements were made with a smuggler to pay a fee of $2,800 to be smuggled into the United States. CAMARGO stated the driver of the van got out and someone said who ever drives will get a discount. CAMARGO stated he drove. CAMARGO admitted this was not his first attempt at driving a vehicle and drove on at least two other occasions.

Material witnesses Jose Manuel HERNANDEZ-Hidalgo, Dario CHAVEZ-Serezo and Reynaldo MARTINEZ-Oros stated they made arrangements to pay $2,300 to $2,700 to a smuggler in Mexico to be smuggled into the United States. HERNANDEZ, CHAVEZ and MARTINEZ all identified photo number 2, CAMARGO, from a photo line-up as the driver of the van.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Dario CHAVEZ-Serezo | Mexico |
| Manuel HERNANDEZ-Hidalgo | Mexico |
| Revnaldo MARTIEZ-Oros | Mexico |

Further, complainant states that Dario CHAVEZ-Serezo, Manuel HERNANDEZ-Hidalgo and Revnaldo MARTIEZ-Oros are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

Executed on January 19, 2008, at 1:45 P.M.

Michael Mikuski
Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 pages, I find Probable Cause to believe that the defendant named in this Probable Cause Statement committed the offense on January 18, 2008 in violation of Title 8, United States Code, 1324 and Title 18 USC.

Jan M. Adler
United States Magistrate Judge

1/19/08 @ 2:08 p.
Date and Time